**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 0:21-cv-62053-KMM**

DAISY AYUKETAH,

    **Plaintiff,**

v.

EXPERIAN INFORMATION SOLUTIONS, INC.,
and TRANS UNION, LLC,

    **Defendant.**

_____/

**FIRST AMENDED COMPLAINT**

Plaintiff Daisy Ayuketah ("Plaintiff") sues Defendant Experian Information Solutions, Inc., and Defendant Trans Union, LLC (collectively, the "Defendants") for violations of the Fair Credit Reporting Act ("FCRA").

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Venue in this District is proper because Plaintiff resides here, the Defendants transacts business here, and the complained conduct of the Defendants occurred here.

**PARTIES**

3. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant Experian Information Solutions, Inc. ("Experian" or "Defendant-EIS") is an Ohio corporation whose registered agent in Florida is CT Corporation, 1200 South Pine Island Road, Plantation, Florida 33324.

5. Defendant Trans Union, LLC ("TransUnion" or "Defendant-TU") is a Delaware limited liability company whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301-2525.

## DEMAND FOR JURY TRIAL

6. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## ALLEGATIONS

### A.  GENERAL ALLEGATIONS

7. Plaintiff's identity was stolen, whereby several unknown credit accounts, credit inquiries and listed addresses were opened on Plaintiff's credit file.

8. Plaintiff executed with the Federal Trade Commission ("FTC") an Identity Theft Victims' Report and Affidavit (collectively, the "FTC Report & Affidavit").

9. In each FTC Report and Affidavit executed by Plaintiff, Plaintiff listed all the accounts, addresses, and inquires Plaintiff alleged were associated with identity theft.

10. Defendant-TU is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau."

11. Defendant-EIS is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau."

12. Defendant-TU regularly obtains and analyzes financial information about consumers and compiles the information into "credit reports," which it provides to third parties.

13. Defendant-EIS is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau."

14. Defendant-TU is a "consumer reporting agency" as defined by § 1681a(f) of the FCRA and compiles the information into "credit reports," which it provides to third parties.

15. Defendant-EIS is a "consumer reporting agency" as defined by § 1681a(f) of the FCRA and compiles the information into "credit reports," which it provides to third parties.

B. **ALLEGATIONS INVOLVING DEFENDANT-TU**

**FIRST DISPUTE**

16. On April 16, 2020, Plaintiff mailed a written dispute to Defendant-TU (the "First Dispute").

17. Within and otherwise as part of the First Dispute, Plaintiff stated to Defendant-TU that: "*My name is Daisy Ayuketah. I am a victim of identity theft and I am requesting that you block the following account from my credit report because they are a result of ID theft. I am enclosing copies of my identity, proof of address, proof of social security number, and a FTC Affidavit..*"

18. Within and otherwise as part of the First Dispute, Plaintiff identified the following accounts and/or entries as being the product of identity theft: VIVE FINANCIAL, 711604X, $1,243.

19. In response to the First Dispute, Defendant-TU failed and/or refused to take action with respect to each of the accounts and issues explicitly identified by Plaintiff in First Dispute, whereby erroneous, false, and otherwise fraudulent accounts and information remained on Plaintiff's credit report after the appropriate timeframe for Defendant-TU to take action lapsed.

20. As a result of Defendant-TU failure to take appropriate action with respect to the accounts and/or issues identified by Plaintiff in the First Dispute, Plaintiff suffered emotional distress and financial harm as a result of the incorrect reporting and due to Defendant-TU's failure to correct the credit report pertaining to Plaintiff.

21. In response to the First Dispute, Defendant-TU failed and/or refused to take action.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## SECOND DISPUTE

22. On June 10, 2020, Plaintiff mailed an additional written dispute to Defendant-TU (the "Second Dispute").

23. Within and otherwise as part of the Second Dispute, Plaintiff identified the following accounts as being the product of identity theft: : VIVE FINANCIAL, 711604X, $1,243.

24. In response to the Second Dispute, Defendant-TU failed and/or refused to take action with respect to each of the accounts and issues explicitly identified by Plaintiff in Second Dispute, whereby erroneous, false, and otherwise fraudulent accounts and information remained on Plaintiff's credit report after the appropriate timeframe for Defendant-TU to take action lapsed.

25. As a result of Defendant-TU failure to take appropriate action with respect to the accounts and/or issues identified by Plaintiff in the Second Dispute, Plaintiff suffered emotional and distress and financial harm as a result of the incorrect reporting and due to Defendant-TU's failure to correct the credit report pertaining to Plaintiff.

## THIRD DISPUTE

26. On May 12, 2021, Plaintiff mailed an additional written dispute to Defendant-TU (the "Third Dispute").

27. Within and otherwise as part of the Third Dispute, Plaintiff stated to Defendant-TU that: "*My name is Daisy Ayuketah I have contacted your department about the fraudulent accounts that are being reported on my credit. I believe this started in 219 or 2020 time period. I discovered it around 2021when I had to dispute items the first time, and now it is happening again on my credit report. My family used my information for utilities and other credit in the past without my consent. I have not gone to the police to report this yet because I believe it involves some of my direct family.*" (Emphasis added).

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

28. Within and otherwise as part of the Third Dispute, Plaintiff identified the following accounts as being the product of identity theft: VIVE FINANCIAL, 711604X, $1,243.

29. In response to the Third Dispute, Defendant-TU failed and/or refused to take action with respect to each of the accounts and issues explicitly identified by Plaintiff in the Third Dispute, whereby erroneous, false, and otherwise fraudulent accounts and information remained on Plaintiff's credit report after the appropriate timeframe for Defendant-TU to take action lapsed.

30. As a result of Defendant-TU failure to take appropriate action with respect to the accounts and/or issues identified by Plaintiff in the Third Dispute, Plaintiff suffered emotional distress as a result of the incorrect reporting and due to Defendant-TU's failure to correct the credit report pertaining to Plaintiff.

C. **ALLEGATIONS INVOLVING DEFENDANT-EIS**

**FIRST DISPUTE**

31. On April 16, 2020, Plaintiff mailed a written dispute to Defendant-EIS (the "First Dispute").

32. Within and otherwise as part of the First Dispute, Plaintiff stated to Defendant-EIS that: "*My name is Daisy Ayuketah. I am a victim of identity theft and I am requesting that you block the following account from my credit report because they are a result of ID theft. I am enclosing copies of my identity, proof of address, proof of social security number, and a FTC Affidavit.*"

33. Within and otherwise as part of the First Dispute, Plaintiff identified the following accounts as being the product of identity theft: [1] CAPITAL BANK,N.A, #462192XXXXXXX, 2/2017 $115.00; and [2] DEPT OF ED/NAVIENT, #991001XXXXXXXX, 11/2010, $6,817.00.

PAGE | **5** of **20**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

34. In response to the First Dispute, Defendant-EIS failed and/or refused to take action with respect to each of the accounts and issues explicitly identified by Plaintiff in First Dispute, whereby erroneous, false, and otherwise fraudulent accounts and information remained on Plaintiff's credit report after the appropriate timeframe for Defendant-EIS to take action lapsed.

35. As a result of Defendant-EIS failure to take appropriate action with respect to the accounts and/or issues identified by Plaintiff in the First Dispute, Plaintiff suffered emotional distress and financial harm as a result of the incorrect reporting and due to Defendant- EIS's failure to correct the credit report pertaining to Plaintiff.

### SECOND DISPUTE

36. On June 10, 2020, Plaintiff mailed an additional written dispute to Defendant-EIS (the "Second Dispute").

37. Within and otherwise as part of the Second Dispute, Plaintiff identified the following accounts as being the product of identity theft: [1] CAPITAL BANK,N.A, #462192XXXXXXX, 2/2017 $115.00; and [2] DEPT OF ED/NAVIENT, #991001XXXXXXXX, 11/2010, $6,817.00.

38. In response to the Second Dispute, Defendant-EIS failed and/or refused to take action with respect to each of the accounts and issues explicitly identified by Plaintiff in Second Dispute, whereby erroneous, false, and otherwise fraudulent accounts and information remained on Plaintiff's credit report after the appropriate timeframe for Defendant-EIS to take action lapsed.

39. As a result of Defendant-EIS failure to take appropriate action with respect to the accounts and/or issues identified by Plaintiff in the Second Dispute, Plaintiff suffered emotional and distress and financial harm as a result of the incorrect reporting and due to Defendant-EIS's failure to correct the credit report pertaining to Plaintiff.

PAGE | **6** of **20**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

**THIRD DISPUTE**

40. On May 12, 2021, Plaintiff mailed an additional written dispute to Defendant-EIS (the "Third Dispute").

41. Within and otherwise as part of the Third Dispute, Plaintiff stated to Defendant-EIS that: "*My name is Daisy Ayuketah I have contacted your department about the fraudulent accounts that are being reported on my credit. I believe this started in 219 or 2020 time period. I discovered it around 2021 when I had to dispute items the first time, and now it is happening again on my credit report. My family used my information for utilities and other credit in the past without my consent. I have not gone to the police to report this yet because I believe it involves some of my direct family.*" (Emphasis added).

42. Within and otherwise as part of the Third Dispute, Plaintiff identified the following accounts as being the product of identity theft: VIVE FINANCIAL, 711604X, $1,243.

43. In response to the Third Dispute, Defendant- EIS failed and/or refused to take action with respect to each of the accounts and issues explicitly identified by Plaintiff in the Third Dispute, whereby erroneous, false, and otherwise fraudulent accounts and information remained on Plaintiff's credit report after the appropriate timeframe for Defendant- EIS to take action lapsed.

44. As a result of Defendant-EIS failure to take appropriate action with respect to the accounts and/or issues identified by Plaintiff in the Third Dispute, Plaintiff suffered emotional distress as a result of the incorrect reporting and due to Defendant-EIS's failure to correct the credit report pertaining to Plaintiff.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

**COUNT 1**
**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(against Defendant TransUnion)

45. Plaintiff incorporates by reference paragraphs 7 through 29 of this Amended Complaint as though fully stated herein.

46. This is an action for willful violation of the FCRA.

47. Defendant-TU willfully failed to, **within four days**, block the reporting of the accounts listed in the FTC Report & Affidavit despite its (Defendant-TU's) receipt of an identity theft packet from Plaintiff in violation of 15 U.S.C. § 1681c-2(a).

48. Defendant-TU violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, Defendant-TU prepared patently false, incomplete, and materially misleading consumer reports concerning Plaintiff.

49. Defendant-TU has willfully and recklessly failed to comply with the FCRA. The failures of Defendant-TU to comply with the FCRA include, but are not limited to, the following: **[a]** the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; **[b]** the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; **[c]** the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; **[d]** the failure to promptly and adequately investigate information which Defendant-TU had notice was inaccurate; **[e]** the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; **[f]** the failure to note in the credit report that Plaintiff disputed the accuracy of the information; **[g]** the failure to promptly delete information

that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and **[h]** the failure to take adequate steps to verify information Defendant-TU had reason to believe was inaccurate before including said information in the credit report of the consumer.

50. The conduct, action and inaction of Defendant-TU was willful, thereby rendering Defendant-TU liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

51. Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant-TU in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

52. Defendant-TU willfully failed to conduct a reasonable reinvestigation after receipt of Plaintiffs **three** dispute of the accounts identified by the Plaintiff in violation of 15 U.S.C. § 168li(a).

53. Defendant-TU violated 15 U.S.C. §1681i(a)(2) by failing to provide adequate notification of Plaintiff's disputes to the underlying creditors. Upon information and belief, Defendant-TU also failed to include all relevant information as part of the notice to the underlying creditors regarding Plaintiff's disputes that Defendant-TU received from Plaintiff.

54. Defendant-TU violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the disputed accounts and information repeatedly identified.

55. Defendant-TU violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's repeated disputes.

56. The appearance of the accounts on Plaintiff's credit report, namely, those accounts identified by Plaintiff, including but not limited to those in the FTC Report & Affidavit, was the

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

direct and proximate result of Defendant-TU's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

57. Defendant-TU willfully failed to report accounts identified by Plaintiff in Plaintiff's **three** disputes as "disputed" in violation of 15 U.S.C. § 168li(c).

58. As a result of the conduct, action, and inaction, of Defendant-TU, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

59. WHEREFORE, Plaintiff respectfully prays this Honorable Court for the following relief: **[1]** Finding that the practices complained of herein are unlawful and violate the FCRA; **[2]** Ordering Defendant-TU to delete all of the inaccurate information from Plaintiff's credit reports and credit files; **[3]** Awarding Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o; **[4]** Awarding Plaintiff statutory damages of $1,000.00 for each of the underlying FCRA violations pursuant to 15 U.S.C. §1681n; **[5]** Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations pursuant to 15 U.S.C. §1681n; **[6]** Awarding Plaintiff costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and 15 U.S.C. §1681o; *and* **[7]** Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT 2
### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(against Defendant TransUnion)

60. Plaintiff incorporates by reference paragraphs 7 through 29 of this Amended Complaint as though fully stated herein.

PAGE | **10** of **20**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

61. This an action for negligent violation of the FCRA.

62. Defendant-TU negligently failed to, **within four days**, block the reporting of the accounts listed in the FTC Report & Affidavit despite its (Defendant-TU's) receipt of an identity theft packet from Plaintiff in violation of 15 U.S.C. § 1681c-2(a).

63. Defendant-TU violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, Defendant-TU prepared patently false, incomplete, and materially misleading consumer reports concerning Plaintiff.

64. Defendant-TU has negligently failed to comply with the FCRA. The failures of Defendant-TU to comply with the FCRA include, but are not limited to, the following: **[a]** the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; **[b]** the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; **[c]** the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; **[d]** the failure to promptly and adequately investigate information which Defendant-TU had notice was inaccurate; **[e]** the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; **[f]** the failure to note in the credit report that Plaintiff disputed the accuracy of the information; **[g]** the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and **[h]** the failure to take adequate steps to verify information Defendant-TU had reason to believe was inaccurate before including said information in the credit report of the consumer.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

65. The conduct, action, and inaction, of Defendant-TU was negligent, thereby rendering Defendant-TU liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n)

66. Plaintiff is entitled to recover reasonable costs and attorneys' fees from Defendant-TU in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

67. Defendant-TU negligently failed to conduct a reasonable reinvestigation after receipt of Plaintiffs **three** disputes in violation of 15 U.S.C. § 168li(a).

68. Defendant-TU violated 15 U.S.C. §1681i(a)(2) by failing to provide adequate notification of Plaintiff's disputes to the underlying creditors. Upon information and belief, Defendant-TU also failed to include all relevant information as part of the notice to the underlying creditors regarding Plaintiff's disputes that Defendant-TU received from Plaintiff.

69. Defendant-TU violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the disputed accounts and information repeatedly identified.

70. Defendant-TU violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's repeated disputes.

71. The appearance of the disputed accounts on Plaintiff's credit report, including but not limited to those identified by Plaintiff in the FTC Report & Affidavit, was the direct and proximate result of Defendant-TU's negligent failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

72. Defendant-TU negligently failed to report accounts identified by the Plaintiff in Plaintiff's three the disputes as "disputed" in violation of 15 U.S.C. § 168li(c).

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

73. As a result of the conduct, action and inaction of **Defendant-TU**, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

74. WHEREFORE, Plaintiff respectfully prays this Honorable Court for the following relief: **[1]** Finding that the practices complained of herein are unlawful and violate the FCRA; **[2]** Ordering Defendant-TU to delete all of the inaccurate information from Plaintiff's credit reports and credit files; **[3]** Awarding Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o; **[4]** Awarding Plaintiff statutory damages of $1,000.00 for each of the underlying FCRA violations pursuant to 15 U.S.C. §1681n; **[5]** Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations pursuant to 15 U.S.C. §1681n; **[6]** Awarding Plaintiff costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and 15 U.S.C. §1681o; *and* **[7]** Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT 3**
**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(against Defendant Experian)

75. Plaintiff incorporates by reference paragraphs 7-15 and 30-43 of this Amended Complaint as though fully stated herein.

76. This is an action for willful violation of the FCRA.

77. Defendant-EIS willfully failed to, **within four days**, block the reporting of the accounts listed in the FTC Report & Affidavit despite its (Defendant-EIS's) receipt of an identity theft packet from Plaintiff in violation of 15 U.S.C. § 1681c-2(a).

PAGE | **13** of **20**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

78. Defendant-EIS violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, Defendant-EIS prepared patently false, incomplete, and materially misleading consumer reports concerning Plaintiff.

79. Defendant-EIS has willfully and recklessly failed to comply with the FCRA. The failures of Defendant-EIS to comply with the FCRA include, but are not limited to, the following: **[a]** the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; **[b]** the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; **[c]** the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; **[d]** the failure to promptly and adequately investigate information which Defendant-EIS had notice was inaccurate; **[e]** the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; **[f]** the failure to note in the credit report that Plaintiff disputed the accuracy of the information; **[g]** the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and **[h]** the failure to take adequate steps to verify information Defendant-EIS had reason to believe was inaccurate before including said information in the credit report of the consumer.

80. The conduct, action and inaction of Defendant-EIS was willful, thereby rendering Defendant-EIS liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

81. Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant-EIS in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

82. Defendant-EIS willfully failed to conduct a reasonable reinvestigation after receipt of Plaintiffs **three** dispute of the accounts identified by the Plaintiff in violation of 15 U.S.C. § 168li(a).

83. Defendant-EIS violated 15 U.S.C. §1681i(a)(2) by failing to provide adequate notification of Plaintiff's disputes to the underlying creditors. Upon information and belief, Defendant-EIS also failed to include all relevant information as part of the notice to the underlying creditors regarding Plaintiff's disputes that Defendant-EIS received from Plaintiff.

84. Defendant-EIS violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the disputed accounts and information repeatedly identified.

85. Defendant-EIS violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's repeated disputes.

86. The appearance of the accounts on Plaintiff's credit report, namely, those accounts identified by Plaintiff, including but not limited to those in the FTC Report & Affidavit, was the direct and proximate result of Defendant-EIS's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

87. Defendant-EIS willfully failed to report accounts identified by Plaintiff in Plaintiff's **three** disputes as "disputed" in violation of 15 U.S.C. § 168li(c).

PAGE | **15** of **20**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

88. As a result of the conduct, action, and inaction, of Defendant-EIS, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

89. WHEREFORE, Plaintiff respectfully prays this Honorable Court for the following relief: **[1]** Finding that the practices complained of herein are unlawful and violate the FCRA; **[2]** Ordering Defendant-EIS to delete all of the inaccurate information from Plaintiff's credit reports and credit files; **[3]** Awarding Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o; **[4]** Awarding Plaintiff statutory damages of $1,000.00 for each of the underlying FCRA violations pursuant to 15 U.S.C. §1681n; **[5]** Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations pursuant to 15 U.S.C. §1681n; **[6]** Awarding Plaintiff costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and 15 U.S.C. §1681o; *and* **[7]** Awarding any other relief as this Honorable Court deems just and appropriate.

COUNT 4
**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(against Defendant Experian)

90. Plaintiff incorporates by reference paragraphs 7-15 and 30-43 of this Amended Complaint as though fully stated herein.

91. This an action for negligent violation of the FCRA.

92. Defendant-EIS negligently failed to, **within four days**, block the reporting of the accounts listed in the FTC Report & Affidavit despite its (Defendant-EIS's) receipt of an identity theft packet from Plaintiff in violation of 15 U.S.C. § 1681c-2(a).

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

93. Defendant-EIS violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, Defendant-EIS prepared patently false, incomplete, and materially misleading consumer reports concerning Plaintiff.

94. Defendant-EIS has negligently failed to comply with the FCRA. The failures of Defendant-EIS to comply with the FCRA include, but are not limited to, the following: **[a]** the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; **[b]** the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; **[c]** the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; **[d]** the failure to promptly and adequately investigate information which Defendant-EIS had notice was inaccurate; **[e]** the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; **[f]** the failure to note in the credit report that Plaintiff disputed the accuracy of the information; **[g]** the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and **[h]** the failure to take adequate steps to verify information Defendant-EIS had reason to believe was inaccurate before including said information in the credit report of the consumer.

95. The conduct, action, and inaction, of Defendant-EIS was negligent, thereby rendering Defendant-EIS liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n)

96. Plaintiff is entitled to recover reasonable costs and attorneys' fees from Defendant-EIS in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

97. Defendant-EIS negligently failed to conduct a reasonable reinvestigation after receipt of Plaintiffs **three** disputes in violation of 15 U.S.C. § 168li(a).

98. Defendant-EIS violated 15 U.S.C. §1681i(a)(2) by failing to provide adequate notification of Plaintiff's disputes to the underlying creditors. Upon information and belief, Defendant-EIS also failed to include all relevant information as part of the notice to the underlying creditors regarding Plaintiff's disputes that Defendant-EIS received from Plaintiff.

99. Defendant-EIS violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the disputed accounts and information repeatedly identified.

100. Defendant-EIS violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's repeated disputes.

101. The appearance of the disputed accounts on Plaintiff's credit report, including but not limited to those identified by Plaintiff in the FTC Report & Affidavit, was the direct and proximate result of Defendant-EIS's negligent failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

102. Defendant-EIS negligently failed to report accounts identified by the Plaintiff in Plaintiff's **three** disputes as "disputed" in violation of 15 U.S.C. § 168li(c).

103. As a result of the conduct, action and inaction of Defendant-EIS, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

104. WHEREFORE, Plaintiff respectfully prays this Honorable Court for the following relief: **[1]** Finding that the practices complained of herein are unlawful and violate the FCRA; **[2]** Ordering Defendant-EIS to delete all of the inaccurate information from Plaintiff's credit reports and credit files; **[3]** Awarding Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations pursuant to 15 U.S.C. §1681n and 15 U.S.C. § 1681o; **[4]** Awarding Plaintiff statutory damages of $1,000.00 for each of the underlying FCRA violations pursuant to 15 U.S.C. § 1681n; **[5]** Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations pursuant to 15 U.S.C. § 1681n; **[6]** Awarding Plaintiff costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o; *and* **[7]** Awarding any other relief as this Honorable Court deems just and

Dated: October 28, 2021

Respectfully Submitted,

  /s/ Thomas J. Patti
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:   954-907-1136
Fax:       855-529-9540

*COUNSEL FOR PLAINTIFF*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 28, 2021, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

      /s/ Thomas J. Patti  
**THOMAS J. PATTI, ESQ.**  
Florida Bar No.: 118377

PAGE | **20** of **20**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com